# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

**ROBERT VARGAS**, individually, and on behalf of others similarly situated,

Plaintiff,

vs.

**ACCEPTANCE INSURANCE AGENCY OF TENNESSEE, INC.**,

Defendant.

Case No.:

**COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND**

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ROBERT VARGAS (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, BROWN, LLC and GREG COLEMAN LAW PC, files this Collective Action Complaint against Defendant ACCEPTANCE INSURANCE AGENCY OF TENNESSEE, INC., and states as follows:

1. Plaintiff, an hourly-paid, non-exempt Insurance Sales Agent employed by Defendant, brings this action individually and on behalf of all other similarly situated hourly-paid Insurance Sales Agents to recover (i) unpaid overtime compensation, (ii) liquidated damages, (iii) attorneys' fees and costs, all pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA"), and (iv) declaratory relief pursuant to 28 U.S.C. § 2201.

2. Defendant willfully violated the FLSA's overtime requirements by failing to pay hourly-paid Insurance Sales Agents for all hours worked in excess of forty (40) in a workweek, including hours that they reported into Defendants' timekeeping system.

3. As a result, there were many weeks in which Plaintiff and other hourly-paid Insurance Sales Agents did not receive overtime compensation at a rate of one-and-one-half (1.5) times their rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

4. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of all persons employed by Defendant as hourly-paid, non-exempt Insurance Sales Agents at any time within the period of three years prior to the commencement of this action and the date of judgment. Plaintiff reserves the right to amend this definition as necessary.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, et seq.

6. The Court has personal jurisdiction over Defendant because Defendant is registered and incorporated in Tennessee.

7. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this district, and because a substantial portion of the events or omissions that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

**Defendant**

8. Defendant Acceptance Insurance Agency of Tennessee, Inc. is a for-profit corporation registered in Tennessee, with its principle office at 3813 Green Hills Village Dr, Nashville, TN 37215-2610, and registered agent Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

9. Defendant provides personal automobile insurance with approximately 369 retail locations in 17 states.

**Plaintiff**

10. Plaintiff Robert Vargas is a resident of Troup County, Georgia.

11. Plaintiff was employed by Defendant from approximately December 2018 to June 2019 as an hourly-paid Insurance Sales Agent.

12. Plaintiff performed work for Defendant in LaGrange, Georgia.

13. Plaintiff signed a consent form to join this lawsuit, which is attached as *Exhibit 1*.

2
Case 3:19-cv-00611   Document 1   Filed 07/18/19   Page 2 of 8 PageID #: 2
COLLECTIVE ACTION COMPLAINT

**FLSA COVERAGE**

14. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the FLSA.

15. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

16. At all relevant times, Defendant was and continues to be "an enterprise engaged in commerce " within the meaning of the FLSA.

17. At all relevant times, the gross revenue of Defendant was in excess of $500,000.00 per annum.

18. At all relevant times, Defendant had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

19. At all relevant times, Plaintiff was "engaged in commerce" and thus subject to the individual coverage of the FLSA.

**FACTUAL ALLEGATIONS**

20. Defendant provides personal automobile insurance with approximately 369 retail locations in 17 states.

21. Insurance Sales Agents duties include, but are not limited to:

    a. Advising clients on insurance coverage and personal protection options following Acceptance's G.U.E.S.T. standards;

    b. Providing quotations, pricing, and required information to new prospects; and

    c. Completing sales processes per company policies and procedures.

22. For a period of time, Insurance Sales Agents were classified as salaried employees and were not paid overtime.

23. Defendant has been sued numerous times by Insurance Sales Agents seeking unpaid overtime wages for periods in which they were classified as salary exempt employees. *See Lykins, et al. v. First Acceptance Corporation, et al.*, No. 3:13cv1374 (M.D. Tenn.); *Twohill v. First*

*Acceptance Corporation et al.*, No. 3:17cv284 (M.D. Tenn.).

24. In approximately May 2016, Insurance Sales Agents were reclassified as hourly-paid, non-exempt employees.

25. Since being reclassified to hourly-paid employees, Insurance Sales Agents have not been not compensated on a "salary basis" for purposes of 29 CFR § 541.602, have not received a guaranteed minimum weekly salary, and have been entitled to overtime compensation pursuant to the FLSA.

26. Throughout Plaintiff's employment, he was classified as a non-exempt, hourly-paid employee.

27. Plaintiff and other hourly-paid Insurance Sales Agents regularly worked over forty (40) hours per week.

28. Plaintiff and other hourly-paid Insurance Sales Agents reported their hours worked by 'clocking in' on Defendant's timekeeping system.

29. In many weeks, Plaintiff and other hourly-paid Insurance Sales Agents were not paid for all hours they worked in excess of forty (40), despite inputting them into Defendant's timekeeping system.

30. As a result, there were many weeks in which Plaintiff and other hourly-paid Insurance Sales Agents did not receive overtime compensation at a rate of one-and-one-half (1.5) times their rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA.

31. Defendant's failure to pay Plaintiff and other hourly-paid Insurance Sales Agents proper overtime compensation as required under the FLSA was knowing and willful.

32. Defendant failure to Plaintiff and other hourly-paid Insurance Sales Agents proper overtime compensation was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy

of such departments.

**COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff re-alleges and incorporates all previous paragraphs as though set forth fully herein.

34. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and on behalf of the "FLSA Collective," to be defined as:

> *All persons employed by Defendant as hourly-paid, non-exempt Insurance Sales Agents at any time within the period of three years prior to the commencement of this action and the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

35. With respect to the claims set forth herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are performing the same or similar job duties as one another; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

36. Members of the FLSA Collective are all non-exempt employees of Defendant.

37. Defendant failed to pay members of the FLSA Collective, including Plaintiff, proper overtime compensation.

38. Defendant's failure to compensate Plaintiff properly results from a policy or practice applicable to all members of the FLSA Collective who work(ed) in similar positions.

39. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies put in practice which resulted in not being paid proper overtime compensation applies to all members of the FLSA Collective.

40. Plaintiff estimates the FLSA Collective, including other similarly situated hourly-paid Insurance Sales Agents over the relevant period, will include over five hundred (500) members. The precise number of persons eligible to join the FLSA Collective should be readily ascertainable from a review of Defendant's personnel and payroll records.

5
COLLECTIVE ACTION COMPLAINT
Case 3:19-cv-00611 Document 1 Filed 07/18/19 Page 5 of 8 PageID #: 5

## COUNT I
### (Brought Individually and on a Collective Basis Pursuant to 29 U.S.C. § 216(b))
### <u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.</u>
### <u>FAILURE TO PAY OVERTIME</u>

41. Plaintiff re-alleges and incorporates all previous paragraphs as though set forth fully herein.

42. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

43. Plaintiff and other hourly-paid Insurance Sales Agents regularly worked more than forty hours a week.

44. Defendant failed to pay Plaintiff and the other hourly-paid Insurance Sales Agents overtime compensation at a rate not less than one and one half times their regular rate of pay for hours worked in excess of forty per workweek, as required by the FLSA.

45. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

46. As a result of the foregoing, hourly-paid Insurance Sales Agents, including Plaintiff, were illegally denied proper compensation and overtime compensation earned at the premium rate, in amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

### **RELIEF REQUESTED**

WHEREFORE, Plaintiff ROBERT VARGAS, on behalf of himself and all other putative FLSA Collective members, respectfully requests that this Court grant the following relief:

A. Certification of this action as a collective action on behalf of the members of the FLSA Collective and appointment of Plaintiff and his counsel to represent the Collective;

B. An order directing Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all other putative FLSA Collective members and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including by publication of notice in a manner that is reasonably calculated to apprise the class members of their right to join and participate in this lawsuit pursuant to 29 U.S.C. § 216(b);

C. An order directing Defendant, at their expense, to investigate and account for the number of hours worked by Plaintiff and all hourly-paid Insurance Sales Agents who opt-in to this action;

D. An award of damages for all unpaid overtime compensation;

E. An award of liquidated damages in an amount equal to all unpaid overtime compensation;

F. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

G. Judgment for any and all civil penalties to which Plaintiff and the Collective may be entitled;

H. An award of costs and expenses of this action, together with reasonable attorneys' and expert fees;

I. An incentive award for Plaintiff; and

J. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff ROBERT VARGAS, individually and on behalf of all other similarly situated hourly-paid, non-exempt Insurance Sales Agents, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

| | |
|---|---|
| 1 | Dated: July 18, 2019 |
| 2 | RESPECTFULLY SUBMITTED, |
| 3 | By: s/Gregory F. Coleman |
| 4 | Gregory F. Coleman, TN Bar #014092<br>Lisa A. White, TN Bar #026658 |
| 5 | Justin G. Day, TN Bar #033267<br>GREG COLEMAN LAW PC |
| 6 | 800 S. Gay Street, Suite 1100<br>Knoxville, TN 37929 |
| 7 | T: (865)-247-0080/F: (865)-522-0049<br>greg@gregcolemanlaw.com |
| 8 | lisa@gregcolemanlaw.com<br>justin@gregcolemanlaw.com |
| 9 | *Local Counsel for Plaintiff* |
| 10 | |
| 11 | Nicholas Conlon*<br>Jason T. Brown* |
| 12 | BROWN, LLC<br>111 Town Square Pl Suite 400 |
| 13 | Jersey City, NJ 07310<br>T: (877) 561-0000 |
| 14 | F: (855) 582-5297<br>nicholasconlon@jtblawgroup.com |
| 15 | *Will seek admission pro hac vice |
| 16 | *Lead Counsel for Plaintiff* |